Ryan L. Gentile
Law Offices of Gus Michael Farinella, PC
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: 201-873-7675
Attorney for Plaintiff, Nelma S. Lopes,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
NELMA S. LOPES,
on behalf of herself and all others
similarly situated                                                    Civil Action No.

      Plaintiff,
 v.
                 **CLASS ACTION**
                 **COMPLAINT**
UNITED RECOVERY SYSTEMS LP.

      Defendant.
--------------------------------------------------------X

  Plaintiff, by and through her counsel, The Law Offices of Gus Michael Farinella, PC, as and for her complaint against the defendant, on behalf of a class pursuant to Rule 23 alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress from unlawful credit and collection practices engaged in by the defendant United Recovery Systems LP ("URS"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." <u>Graziano v. Harrison</u>, 950 F.2d 107, 111, fn5 (3d Cir. 1991)

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

5. Venue and personal jurisdiction in this District are proper because:
    a. Defendant does business within this District;
    b. The acts giving rise to this lawsuit occurred within this district.

## PARTIES

6. Plaintiff, Nelma S. Lopes, is an individual who resides in the City of Rahway, County of Union, State of New Jersey.

7. Plaintiff is a "consumer" as defined by the FDCPA.

8. Defendant, URS, at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within this state. URS's principal place of business is located at 5800 North Course Drive Houston, Texas 77072.

9. The principal purpose of the Defendant is the collection of debts using the mail and telephone.

10. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. URS is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

12. The Plaintiff received a letter from URS dated September 18, 2013 seeking to collect on a Citibank, N.A. - Citi Mastercard credit card account with an account number ending in "0794". The Balance Due according to the letter was $5,887.37. Annexed hereto as **Exhibit A** is a copy of the URS letter dated September 18, 2013.

13. The Plaintiff received a letter from URS dated October 21, 2013 seeking to collect the same Citibank, N.A. - Citi Mastercard ending in "0794". The balance due according to the letter was $5,967.02. The letter stated that the creditor had agreed to accept $2,685.16 as settlement in full but nowhere informed that interest would accrue or the balance could increase. Annexed hereto as **Exhibit B** is a copy of the October 21, 2013 letter.

14. The Plaintiff received a letter from URS dated November 19, 2013 seeking to collect the same Citibank, N.A. - Citi Mastercard ending in "0794". The balance due according to the letter was $6,017.25. Nowhere did the letter state that interest would accrue or the balance could increase. Annexed hereto as **Exhibit C** is a copy of the November 19, 2013 letter.

15. In sending the letters URS sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal debt owed to Citi Mastercard.

16. Each of the letters are a "communication" as that term is defined by 15 U.S.C. §1692a(2).

## CLAIM FOR RELIEF

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. In sending the letter attached as **Exhibits B and C** the defendant violated 15 U.S.C. §§1692, §1692(e)(2)(A), (e)(10).

19. Section 1692e provides:

    **§1692e. False or Misleading Representations**

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    >(2) The false representation of --
    >    (A) the character, amount, or legal status of any debt;

    >(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. By sending the letter attached as **Exhibits B and C** URS violated the FDCPA, 15 U.S.C. §1692(e)(2)(A) and §1692(e)(10) because the collection letters were subject to two interpretations because they did not explain that interest would continue to accrue on the unpaid principal balance and asserted that a fix sum was owed. This was untrue as interest was in fact accruing on the account as

demonstrated by the change in the balance owed between the letters attached as **Exhibits A, B, and C.** See Lukawski v Client Services Inc., 2013 WL 4647482 (M.D. Pa. 2013).

21. The impact of these letters is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

22. URS is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

24. The class consists of (a) all individuals (b) with a New Jersey address (c) who have received a letter from United Recovery Systems LP in the form of **Exhibit A** and then letters from United Recovery Systems LP in the form of **Exhibits B** or **C** seeking to collect a personal debt (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action where (e) the letters did not explain that interest would continue to accrue on the unpaid principal balance and (f) the amount owed was actually increasing because of interest accrued.

25. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

26. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.

The predominant common question is: (1) whether sending a letter which did not explain that interest would continue to accrue on the unpaid principal balance when in fact interest was accruing violates the FDCPA.

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in consumer litigation.

29. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;
   b. Members of the class are likely to be unaware of their rights;
   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrating proceeding.

Dated: New York, New York
December 30, 2013

                The Law Offices of Gus Michael Farinella, PC

                /s/ Ryan Gentile
By:_____
        Ryan Gentile (RG0835)
        Attorney for Plaintiff
        147 West 35th Street
        Suite 1008
        New York, NY 10001
        Tel: (201) 873-7675
        Fax: (212) 675-4367
        rlg@lawgmf.com

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                The Law Offices of Gus Michael Farinella, PC

                /s/ Ryan Gentile
By:_____
        Ryan Gentile